IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LANDON WARD, | § | |
| | § | |
| *Plaintiff,* | § | SA-23-CV-01460-JKP |
| | § | |
| vs. | § | |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**SCHEDULING ORDER**

Before the Court is the above-styled action. On February 21, 2024, the parties appeared through counsel at an Initial Pretrial Conference. Pursuant to Federal Rule of Civil Procedure 16, and consistent with the parties' Agreed Scheduling Recommendations and representations at the Initial Pretrial Conference, the Court issues this Scheduling Order and the following dates are entered to control the course of this case:

1. Offer of Settlement: The parties asserting claims for relief must submit a written offer of settlement to opposing parties by **February 23, 2024**, and each opposing party must respond in writing by **March 8, 2024**.

2. Amend/Supplement Pleadings, Joinder of Parties: Subject to Local Rule CV-15, the parties shall file all motions to amend or supplement pleadings or to join additional parties by **April 1, 2024**.

3. Designation of Witnesses, Experts, and Exhibits: All parties asserting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and must **SERVE** on all parties but **NOT FILE** the materials required by Fed. R. Civ. P. 26 by **May 24, 2024**. Parties resisting claims for relief must file their designation of potential witnesses, testifying experts, and proposed exhibits, and must **SERVE** on all parties but **NOT FILE** the materials required by Fed. R. Civ. P. 26 by **June 7, 2024**. All designations of rebuttal experts must be designated within **15 days** of receipt of the report of the opposing expert.

4. Expert Testimony Objection: An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 must be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, **within 30 days** of receipt of the written report of the expert's proposed testimony, or **within 30 days** of the expert's deposition, if a deposition is taken, whichever is later.

5. Discovery: As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff contends that discovery is appropriate. The parties must complete discovery by **August 30, 2024**. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

6. Dispositive Motions: All dispositive motions shall be filed by **October 18, 2024**. Dispositive motions and responses to dispositive motions are limited to 20 pages in length, and any reply in support of a dispositive motion is limited to 10 pages in length. *See* Local Rule CV-7.

7. Mediation: The parties must mediate this case on or before **June 3, 2024**, and file a report in accordance with Local Rule CV-88 within one week of the completion of mediation.

8. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

9. If at any time during the pendency of this lawsuit, you would like to consent to the trial of your case by a United States Magistrate Judge, please indicate your consent on the attached form or request a form through the Clerk's Office. If all parties consent to trial of this case by a United States Magistrate Judge, this Court may enter an order referring the case to a United States Magistrate Judge for trial and entry of judgment.

**IT IS SO ORDERED.**

SIGNED this 21st day of February, 2024.



ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LANDON WARD, | § | |
| | § | |
| *Plaintiff,* | § | SA-23-CV-01460-JKP |
| | § | |
| vs. | § | |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | § | |
| | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**CONSENT TO PROCEED TO TRIAL BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), the parties to the above captioned civil matter hereby waive their rights to proceed before a judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of judgment. Any appeal shall be taken to the United States Court of Appeals for this judicial circuit, in accordance with 28 U.S.C. § 636(c)(3).

| | |
|---|---|
| ______________________________ | By:______________________________ |
| Party | Attorney |
| ______________________________ | By:______________________________ |
| Party | Attorney |
| ______________________________ | By:______________________________ |
| Party | Attorney |

APPROVED this the ______ day of __________________, 2024.

______________________________
JASON K. PULLIAM
UNITED STATES DISTRICT JUDGE